892 F.2d 84
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leroy M. SCHWEITZER, Defendant-Appellant.
 No. 88-3117.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 11, 1989.*
Submission Vacated Sept. 28, 1989.
Resubmitted Dec. 18, 1989.
Decided Dec. 28, 1989.
 
 Before EUGEN A. WRIGHT, WALLACE and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant LeRoy M. Schweitzer appeals pro se his conviction for landing an aircraft on an airstrip closed to landing by special order in violation of 16 U.S.C. § 551 (1982) and 36 C.F.R. §§ 261.58, 261.1b. The district court found Schweitzer guilty and imposed a fine and special assessment.
 
 FACTS AND PROCEEDINGS
 
 3
 On September 19, 1985, a forest supervisor signed a special order closing the Shearer Airstrip in Nez Perce National Forest, Idaho, to aircraft landings due to the hazardous condition of the airstrip. Large X's were placed on either end of the strip as required by Federal Aviation Administration regulations. On August 19, 1987, a Forest Service employee observed a plan land on the closed airstrip. Schweitzer was identified as the pilot of the plane. A violation notice was sent to Schweitzer ordering him to appear in court. A warrant for Schweitzer's arrest was issued when he failed to appear. Schweitzer was subsequently arrested in Helena, Montana.
 
 
 4
 Schweitzer appeared before a magistrate in Montana where he was informed of the charges against him. The case was removed to the district court for the District of Idaho when Schweitzer refused to waive his right to a trial before a district judge. Schweitzer then filed several pretrial motions claiming that the district court lacked jurisdiction. These motions were denied. Trial was held in Moscow, Idaho on May 18, 1988. Schweitzer was found guilty and fined $50 plus a special assessment of $25. The judgment of conviction was entered May 18, 1988.
 
 APPELLATE JURISDICTION
 
 5
 Schweitzer erroneously filed his notice of appeal with the clerk of this court on May 27, 1988, who then forwarded the notice of appeal to the district court clerk, where it was filed on May 31, 1988. Under the Rules of Appellate Procedure, the last day for filing the notice of appeal would have been May 28, 1988. See Fed.R.App.P. 4(b). However, that day was a Saturday, the next day was a Sunday, and the following Monday, May 30, 1988, was Memorial Day, a legal holiday. Thus, under Rule of Appellate Procedure 26, the time for filing Schweitzer's notice of appeal was extended to Tuesday, May 31, 1988. See Fed.R.App.P. 26(a). Despite his initial error, Schweitzer's notice of appeal was timely filed and we have jurisdiction of his appeal.
 
 ANALYSIS
 
 6
 As best we can tell from Schweitzer's pro se brief on appeal, he appears to argue that the district court lacked jurisdiction and that his due process rights were violated.
 
 1. Jurisdiction of the District Court
 
 7
 Schweitzer's jurisdictional argument seems to be that the district court lacked jurisdiction because Schweitzer is a citizen of Montana and not a "person" as defined in the Code of Federal Regulations. This argument lacks merit.
 
 
 8
 Federal regulations define "person" to include a "natural person, corporation, company, partnership, trust, firm or association of persons." 26 C.F.R. § 261.2. Schweitzer is a natural person. The district courts have original jurisdiction of all offenses against the laws of the United States. 18 U.S.C. § 3231 (1982). Schweitzer was charged with violating federal law as set forth in a federal statute and federal regulations. See 15 U.S.C. § 551 (1982) and 36 C.F.R. §§ 261.58, 261.1b. The district court had jurisdiction.
 
 2. Due Process
 
 9
 Schweitzer argues that (a) he was arrested without probable cause, (b) the magistrate failed to inform him of the nature of the charges against him at his initial appearance, (c) the information was unlawfully filed against him, and (d) he was unlawfully subjected to removal to the District of Idaho. None of these arguments has any merit.
 
 
 10
 a. The Arrest
 
 
 11
 Schweitzer was arrested pursuant to a valid arrest warrant issued by a magistrate after Schweitzer failed to appear to answer a violation notice. Thus, the arrest was lawful. United States v. Grandstaff, 813 F.2d 1353, 1357 (9th Cir.1987). Furthermore, even if the arrest were illegal, it would not invalidate Schweitzer's conviction. See Gerstein v. Pugh, 420 U.S. 103, 119 (1975).
 
 
 12
 b. Schweitzer's Initial Appearance
 
 
 13
 A review of the record shows that when Schweitzer first appeared before the magistrate in Montana, the magistrate complied with the provisions of Rule 2(b) of the Rules of Procedure for the Trial of Misdemeanors before United States Magistrates.[1] The magistrate read the charges to Schweitzer. Schweitzer was also given a copy of the arrest warrant, the violation notice, a statement of probable cause and the special order closing the airstrip. Moreover, Schweitzer acknowledged that he understood the charges.
 
 
 14
 c. The Information
 
 
 15
 The record shows that, pursuant to the Rules of Procedure for the Trial of Misdemeanors, the magistrate instructed Schweitzer that he had a right to a preliminary examination to determine probable cause unless he agreed to a trial before the magistrate or unless an indictment was returned on information prior to the preliminary examination. Rule 2(b)(7). Schweitzer chose to be tried before a district judge. See 18 U.S.C. § 3401(b) (1982 & Supp.1987). In response, the prosecutor amended the violation notice by filing an information. See Rules of Procedure for the Trial of Misdemeanors 2(a). This eliminated the need for a preliminary examination. Rule 2(b)(7). At no time were the charges against Schweitzer dismissed. Thus, there was no error in filing the information.
 
 
 16
 d. Removal to Idaho
 
 
 17
 Schweitzer was arrested in Montana. He was arrested on a warrant issued in Idaho. The offense with which Schweitzer was charged occurred in Idaho. Rule 40 of the Federal Rules of Criminal Procedure provides in relevant part: "Upon production of the warrant ... and upon a finding that the person before [the magistrate] is the person named in the warrant, the federal magistrate shall hold the person to answer in the district in which the warrant was issued." Fed.R.Crim.P. 40(e). The case was properly removed to the District of Idaho.
 
 3. The $25.00 Special Assessment
 
 18
 Although Schweitzer did not raise the issue in his appeal, we have held that the special assessment provisions of 18 U.S.C. § 3013 violate the origination clause of the Constitution, article I, section 7. United States v. Munoz-Flores, 863 F.2d 654 (9th Cir.1988). Thus, the special assessment of $25.00 imposed on Schweitzer is vacated.
 
 
 19
 AFFIRMED, except for the $25.00 special assessment which is VACATED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Rules of Procedure for the Trial of Misdemeanors before United States Magistrates were prescribed by the United States Supreme Court pursuant to 18 U.S.C.A. § 3402 (West 1985 & Supp.1989). See also 28 U.S.C.A. § 2071 (West 1985 & Supp.1989)